FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 25 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 13-CR-524 |
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| KEITH IRELAND, | |
| Defendant. | |



**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On November 14, 2013, Keith Ireland pleaded guilty to a one-count indictment which charged that the defendant produced, used, and trafficked in seven American Express credit cards, with the intent to defraud. *See* 18 U.S.C. §§ 1029(a)(1) and (c)(1)(A)(i).

On August 19, 2013, the defendant arrived at JFK Airport and was stopped for a customs examination by Customs and Border Patrol officers. During the inspection, the defendant presented a wallet that he was carrying which contained 11 credit cards, including seven American Express cards, all with the defendant's name. A U.S. Secret Service agent called American Express, which stated that the defendant was not the account holder for any of the American Express cards. The defendant was placed under arrest, waived his Miranda rights and stated that the American Express cards were all counterfeit.

Ireland was sentenced on July 10, 2014. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The total offense level is four and defendant's criminal history is category III. The Guidelines range of imprisonment is between zero and six months. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 2C1.1(b) (Nov. 2013). Calculation of the total offense level included a two-point adjustment for defendant's acceptance of responsibility. *See id.,* § 3E1.1(a),(b).

The maximum term of imprisonment is ten years, with a maximum fine of $5,000.00. *See* 18 U.S.C. § 1029(c)(1)(A)(i). The offense to which the defendant pleaded guilty permits probation for a term of not less than one year or greater than five years. *See* 18 U.S.C. § 3561(c)(1).

Ireland was sentenced to three years probation and 1,000 hours of community service. A mandatory $100 special assessment was imposed. Restitution in the amount of $626.00 was ordered, payable from 10% of defendant's net salary or income.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A). The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1).

Ireland, now thirty-nine years old, grew up in Brooklyn, NY with his mother and father. Defendant's mother lives in Alabama and suffers from cancer. Defendant assists in providing financial support for his mother, who has undergone a number of treatments to deal with the cancer.

Ireland attended Touro College in Brooklyn, NY and received his master's degree in education and special education. He obtained his teaching license in 2000 and has worked at a number of different schools, most recently as a math teacher at Brownsville Collegiate Charter School. Ireland has a history of alcohol abuse and has sought treatment on more than one occasion in the past following a Driving While Intoxicated offense. On the day of the sentencing, Ireland stated that his alcohol abuse was now under control.

Under 18 U.S.C. § 3553(a)(2)(B), a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and its collateral consequences. Specific deterrence has been substantially achieved through the impact of this conviction on his employability. It is unlikely that he will engage in further criminal

3

activity in light of close supervision by probation, his desire to continue teaching, and the court's requirement that he pursue alcohol treatment.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: July 11, 2014
       Brooklyn, New York